1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

ANNIE KRISTINE H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

CASE NO. 3:22-CV-5696-DWC

ORDER AFFIRMING DEFENDANT'S
DENIAL OF BENEFITS

11
12
13
14
15
16

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial

of her applications for disability insurance benefits (DIB) and social security insurance (SSI)

benefits. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties

have consented to proceed before the undersigned. After considering the record, the Court finds

no reversable error and affirms the Commissioner's decision to deny benefits.

**I. BACKGROUND**

Plaintiff filed for DIB and SSI in March 2017 alleging disability beginning September 13,

2016. Administrative Record (AR) 749. Her applications were denied initially and on

reconsideration, and again following a hearing before an Administrative Law Judge (ALJ) where

Plaintiff was represented by an attorney and testified. AR 26, 32, 77-88, 101-102. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. AR 1-6.

Plaintiff appealed the ALJ's decision to the United States District Court for the Western District of Washington (this Court), and on March 29, 2021 the Honorable Brian A. Tsuchida entered an order reversing and remanding Plaintiff's case for further proceedings. AR 838-840, 842-851.

A new hearing was held before a different ALJ on November 16, 2021 during which Plaintiff was again represented by an attorney and testified. AR 772-811. Once again the ALJ found Plaintiff was not disabled, and the Appeals Council denied her request for review making the ALJ's decision final. AR 739-739, 746-771. On September 22, 2022 Plaintiff again appealed to this Court. 20 C.F.R. §§ 404.981, 416.1481.

## II. STANDARD

Pursuant to 42 U.S.C. § 405(g) this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). However, the Commissioner's decision must be affirmed if it is supported by substantial evidence and free of harmful legal error. 42 U.S.C. § 405(g); *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

Substantial evidence "is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Supreme Court describes it as "more than a mere scintilla." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). "It means—and means

only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotations omitted).

### III. THE ALJ'S FINDINGS

The ALJ found Plaintiff has the severe impairments of: degenerative disc disease of the cervical spine and lumbar spine and degenerative joint disease w/S/P surgery. AR 752.

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform light work limited by: only occasionally climbing ladders, ropes or scaffolds; only occasionally crawling; only occasional exposure to vibration and extreme cold temperatures; only occasional bilateral overhead reaching; and, frequent (but not constant) handling and fingering with her non-dominate (right) upper extremity. *Id*.

At step four of the sequential evaluation the ALJ determined that Plaintiff remained capable of performing her past relevant work as a Sales Attendant and was therefore not disabled during the relevant period. AR 762. Accordingly, the ALJ did not reach step five of the sequential evaluation. AR 763.

### IV. DISCUSSION

Plaintiff argues the ALJ erred by overlooking the finding of state agency consultant Norman Staley, M.D., who opined that Plaintiff should "never crawl and climb ladders, ropes, or scaffolds", and erroneously including the occasional performance of these functions in her RFC. Dkt. 13 at 5-6 (citing AR 762).

Plaintiff also contends the ALJ's partial rejection of her subjective symptom reporting was legally erroneous, and the ALJ should have credited her testimony including but not limited to her claim that she would need at least one extra work-break in addition to the standard breaks in an eight-hour workday, and that she will incur at least one additional absence each month,

1  which the Vocational Expert testified would be work-preclusive. Dkt. 13 at 7 (citing AR 807-

2  808).

3       Defendant demurs on each argument. *See generally*, Dkt. 15. Plaintiff did not file a reply.

4  **A. Plaintiff's Testimony**

5       1.  Standard

6       "The ALJ conducts a two-step analysis to assess subjective testimony where, under step

7  one, the claimant must produce objective medical evidence of an underlying impairment or

8  impairments that could reasonably be expected to produce some degree of symptom."

9  *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (citation and internal quotation marks

10  omitted). "If the claimant meets this threshold and there is no affirmative evidence of

11  malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms

12  only by offering specific, clear and convincing reasons for doing so." *Id.*

13       When assessing a claimant's credibility the ALJ may consider "ordinary techniques of

14  credibility evaluation," such as reputation for lying, prior inconsistent statements concerning

15  symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273,

16  1284 (9th Cir. 1996). The ALJ may also consider if a claimant's complaints are "inconsistent

17  with clinical observations[.]" *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294,

18  1297 (9th Cir. 1998).

19       However, affirmative evidence of symptom magnification, or malingering, relieves an

20  ALJ from the burden of providing specific, clear, and convincing reasons for discounting a

21  claimant's testimony. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006); *Morgan v. Comm'r*

22  *of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Berry v. Astrue*, 622 F.3d 1228, 1235

23  (9th Cir. 2010) (upholding finding where ALJ "pointed to affirmative evidence of malingering").

24

1    Questions of credibility are solely within the control of the ALJ. *Sample v. Schweiker*, 694 F.2d

2    639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination.

3    *Allen v. Heckler*, 749 F.2d 577, 580 (9th Cir. 1984). In addition, the Court may not reverse a

4    credibility determination where that determination is based on contradictory or ambiguous

5    evidence. *Id*. at 579.

6        2.  Analysis

7        Plaintiff argues the ALJ erred in his assessment of her subjective symptom testimony

8    when he concluded that her activities of daily living were inconsistent with the degree of

9    limitation she alleged. Dkt.13 at 7-8 (citing AR 761-762). Plaintiff argues the ALJ failed to show

10   that these activities undermine her testimony or prove she is able to function in a work

11   environment. *Id*. at 9.

12       Defendant responds that the inconsistency between Plaintiff's testimony and her activities

13   of daily living was but one of several reasons the ALJ gave for discrediting her subjective

14   symptom reporting. Dkt. 15 at 2, 4.[1] Defendant encourages this Court to dismiss this argument as

15   unavailing, just as Judge Tsuchida did on Plaintiff's previous appeal to this Court when Plaintiff

16   similarly did not challenge the other reasons the ALJ cited for rejecting her testimony. *See* AR

17   849.

18       The operative ALJ decision in the case at bar is not the same as the decision before Judge

19   Tsuchida, therefore this Court must review the ALJ's credibility assessment in the operative

20   decision to determine whether there is merit to Plaintiff's claim in this appeal.

21

22   _____

23       [1] Indeed, the Court previously found that Plaintiff's "failure [to challenge all of the ALJ's findings] is fatal to her claim because the unchallenged reasons the ALJ articulated are valid grounds to support the ALJ's determination to discount Plaintiff's testimony." AR 849.

24

1     In the operative decision the ALJ summarized Plaintiff's testimony as follows:

2     The claimant alleged that a variety of impairments, including lower back and neck problems (6E/2) cause **pain** and other symptoms that limit her ability to work.

3     Reported restrictions include, but are not necessarily limited to, physical activities that involve lifting, carrying, sitting, standing, and walking. (8E; testimony) The

4     claimant also variously reported and testified of **prescription medication treatment** for the alleged impairments. (6E/4; 10E/5; 17E; 22E) On appeal, the

5     claimant reported she underwent **anterior cervical discectomy and fusion** on June 27, 2017. (10E/2-3) She subsequently reported having been diagnosed on October

6     24, 2017 with a new condition, **"frozen right shoulder."** (12E/2) However, she indicated there had not been a change for the worse in her ability to engage in daily

7     activities. (12E/5) At the hearing held by the undersigned on November 16, 2021, the claimant testified her **cervical surgery went fabulous**. Now, her neck pain is

8     very minimal, and she has **just a little bit of nerve pain and right arm limited range of motion**. She testified she **has degenerative disc disease** in her lower back

9     at L7-S1, for which **surgery was not recommended**, and which puts pressure at her sciatic nerve causing **leg numbness and instability walking**, and for which

10    treatment has consisted of **physical therapy and injections**. She testified she **declined nerve ablation** because it sometimes does not help, and in turn her

11    doctors told her they would not alternatively prescribe "drugs." She testified she takes **Gabapentin for nerve pain and a muscle relaxer**. She testified that in the

12    last 5 years she made **3 trips to California** and also once drove somewhere up by the **[Canadian] border** but had to turn around because it was closed due to Covid.

13   AR 755 (emphasis added).

14

15     The ALJ concluded that Plaintiff's testimony was "not entirely consistent with the

16  medical evidence and other evidence in the record" as outlined in the ALJ's first opinion, which

17  Judge Tsuchida did not disturb. *Id*. The ALJ summarized that evidence as follows:

18     The overall medical evidence of record establishes that the claimant has functional limitations due to her severe physical impairments. However, the medical evidence

19    shows that she is more than capable of sustaining limited **light level work activity** consistent with the residual functional capacity assessment despite her

20    impairments. Notably, the medical evidence reveals that her **neck and right upper extremity symptoms somewhat improved with surgery, physical**

21    **rehabilitation, and injections**. Exs. 9F/23, 24; 14F/87, 96, 97; 16F/21. The medical evidence also shows that **she received minimal treatment for her low**

22    **back condition**. Exs. 15F/5-8; 16F/2-5; 17F/13-20; 19F/1-4. The medical evidence further shows that her **diabetes is stable** on her medication regimen. Exs. 14F/28,

23    36, 56.

24

1   AR 759. Finally, the ALJ assessed new evidence post-dating his remanded decision, to further

2   conclude:

> While there is sufficient nexus between the objective medical evidence and the
> claimant's allegations of pain and limitations, **the objective evidence does not**
> **support finding the pain was of such a debilitating and intractable nature**
> **as to preclude all substantial gainful activity**. The inability to work without
> some pain or discomfort is not necessarily disabling under the Act.

6   AR 760 (emphasis added).

7        In sum, the ALJ found the objective medical evidence did not support the degree of

8   limitation alleged by Plaintiff. AR 754-60. Plaintiff does not dispute this finding, but argues the

9   ALJ erroneously focused "on the fact that she can perform household chores, engage in activities

10  of daily living, drive her daughter to school, attend church, and [that] she made three trips to

11  California during the period at issue." Dkt. 13 at 7-8.

12       The Court finds no merit to this argument, and concurs with Defendant that even if this

13  argument were persuasive it would not require remand in light of the many other unchallenged

14  reasons the ALJ gave for discounting Plaintiff's testimony. Dkt. 15 at 7; *see also*, *Carmickle v.*

15  *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008)(concluding that errors in two

16  reasons for rejecting symptom allegations were harmless because the ALJ gave two other valid

17  reasons).

18  **B.  Medical Evidence**

19       Plaintiff argues the ALJ failed to provide specific and legitimate reasons supported by

20  substantial evidence to discredit some of the functional limitations opined by Norman Staley,

21  M.D. (Staley). Dkt. 13 at 5. Plaintiff contends that if the ALJ had properly included all of

22  Staley's limitations in Plaintiff's RFC she should actually be limited to sedentary, not light, work

23  and that this limitation would render the ALJ's non-disability determination erroneous. *Id.*

24

1    Defendant responds that any error the ALJ may have committed in this regard is also

2    harmless because the ALJ determined Plaintiff was not disabled at step four of the sequential

3    evaluation, finding she could still perform her past work as a Sales Attendant—a job that does

4    not require crawling or climbing. Dkt. 15 at 2, 7-9.

5        1. Standard

6        This case was filed before March 27, 2017 and is therefore governed by the regulations

7    for evaluating opinion evidence before this date. AR 749; 20 C.F.R. § 404.1527(b).

8        The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

9    opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

10   1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

11   502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

12   opinion can be rejected "for specific and legitimate reasons that are supported by substantial

13   evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

14   1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

15   accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

16   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

17   F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

18       2. Analysis

19       Plaintiff correctly contends that the ALJ failed to include in her RFC the limitation that

20   Plaintiff could "never crawl and climb ladders, ropes, or scaffolds". Dkt. 13 at 5-6 (citing AR

21   110, 122, 762). In addition, Plaintiff extrapolates that "a person who cannot crawl is a person

22   who cannot bend or stoop[, and a] person who cannot bend or stoop is a person that must be

23   limited to sedentary work." ECF No. 13 at 6.

24

1    Defendant responds that even if the ALJ erred by failing to incorporate Staley's

2    limitation into Plaintiff's RFC, this error was harmless and not grounds for reversal because the

3    ALJ found Plaintiff capable of performing her past relevant work as a Sales Attendant, which the

4    Dictionary of Occupational Titles (DOT) indicates does not require crawling or climbing. Dkt.

5    15 at 8 (citing 1991 WL 672643) (Tr. 762-63)). As for Plaintiff's contention the ALJ should have

6    limited her to sedentary level work, Defendant points out that even Staley concluded that

7    Plaintiff was capable of light work. Dkt. 15 at 9 (citing AR 113, 125; *see generally*, 20 C.F.R. §§

8    404.1567(b), 416.967(b) (defining light work without any reference to crawling or stooping)).

9    The Court has reviewed the DOT for "Sales Attendant" and finds Defendant correctly

10   states that climbing and crawling is "Not Present - Activity or condition does not exist." *See*,

11   DOT No. 299.677-010 (Sales Attendant), 1991 WL 672643. Therefore, the Court concurs with

12   Defendant that any error committed by the ALJ in failing to incorporate into Plaintiff's RFC

13   Staley's opinion that Plaintiff should "never crawl and climb ladders, ropes, or scaffolds"

14   resulted in harmless error as it did not impact the ALJ's ultimate finding that Plaintiff remained

15   capable of performing her past relevant work. *See*, *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th

16   Cir. 2012)(citing *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir.

17   2006)(an error is harmless if it is not prejudicial to the claimant or it is "inconsequential" to the

18   ALJ's "ultimate nondisability determination.")).

19   Finally, the Court finds Plaintiff has failed to point to any authority to support her

20   argument that the ALJ should have limited her to sedentary work instead of light work, and

21   therefore rejects it.

22

23

24

1

## I.   CONCLUSION

2        For the foregoing reasons the Court hereby AFFIRMS Defendant's decision denying

3   benefits.

4        Dated this 31st day of May, 2023.

5

6        _____
         David W. Christel
7        United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24